UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

       Plaintiff,                        Civil Action No. 15-CV-11275
vs.                                      HON. MARK A. GOLDSMITH

QUALITY CONSTRUCTION
COMPANY LLC; QUALITY
PROPERTY MANAGEMENT, LLC;
and SAM BAZZI,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 21)

### I. INTRODUCTION

Plaintiff Bank of America, N.A. ("Bank of America") filed this lawsuit against Defendants Quality Construction Company LLC ("Quality Construction"), Quality Property Management, LLC ("Quality Property"), and Sam Bazzi ("Bazzi"), alleging that Defendants breached various loan and guaranty agreements executed in favor of Bank of America. Defendants were served, and filed an answer to Bank of America's complaint (Dkt. 12). Bank of America subsequently filed a motion for summary judgment (Dkt. 21), and Defendants, both individually and collectively, failed to file a response. As discussed below, summary judgment in favor of Plaintiff is appropriate; therefore the Court grants Plaintiff's motion.

### II. FACTUAL BACKGROUND

On July 29, 2009, Quality Construction received a loan from Bank of America. That same day, both Quality Property and Bazzi secured repayment of Quality Construction's debt obligations by executing a continuing and unlimited guaranty in favor of Bank of America.

1

Quality Construction's loan agreement was subsequently amended by two loan modifications, executed March 29, 2013 and October 8, 2014. Also on March 29, 2013, Quality Property entered into a loan agreement with Bank of America. Bazzi secured repayment of that loan by entering into a continuing and unlimited guaranty in favor of Bank of America. Quality Property's loan, too, was modified on October 8, 2014. The modified terms of both Quality Construction's and Quality Property's loan agreements set forth a maturity date of February 14, 2015, at which point the full amount covered by the agreements was owed. On March 19, 2015, Bank of America demanded payment from the borrowers and their guarantors. Payment was not forthcoming.

### III. ANALYSIS

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating the evidence, courts draw all inferences in favor of the non-moving party. Warf v. U.S. Dep't of Veterans Affairs, 713 F.3d 874, 877 (6th Cir. 2013). "After the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth 'specific facts showing that there is a genuine issue for trial.'" Am. Beverage Ass'n v. Snyder, 735 F.3d 362, 369 (6th Cir. 2013) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The facts, as set forth by Bank of America, appear to be straightforward and undisputed. In failing to respond to the motion, Defendants have not offered any facts that would preclude judgment in favor of Bank of America. Nonetheless, where a motion for summary judgment is unopposed, courts must still "intelligently and carefully review the legitimacy of such an unresponded-to motion," and, in particular, flag any factual assertions that are either misstated or

taken out of context.  Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 407 (6th Cir. 1992).  The Court has reviewed the record provided by Bank of America, and concludes that the material facts are not in dispute, nor have they been misstated or taken out of context.  All that remains is whether Bank of America is entitled to judgment as a matter of law.  It is.

Where the terms of a contract are unambiguous, courts must enforce those terms as written.  Rory v. Cont'l Ins. Co., 703 N.W.2d 23, 30 (Mich. 2005).[1]  The terms of both Quality Construction's and Quality Property's loan agreements, as modified by the October amendments, state: "On the Maturity Date, all unpaid principal, interest, fees and expenses shall be due and payable in full."  Quality Construction October Loan Modification Agreement, Ex. B to Am. Compl., at 8 of 13 (cm/ecf page) (Dkt. 6-3); Quality Property Loan Agreement, Ex. E to Pl. Mot., at 19 of 24 (cm/ecf page) (Dkt. 21-6).[2]  The guarantors consented to the October modifications.  Quality Construction October Loan Modification Agreement at 13 of 13 (cm/ecf page); Quality Property Loan Agreement at 24 of 24 (cm/ecf page).

Similarly, the guaranties state that the guarantor "unconditionally guarantees and promises to pay promptly to Bank of America . . . any and all Indebtedness of [Quality Construction] to Bank [of America] when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter."  Quality Property Guaranty for Quality Construction Loan, Ex. C to Pl. Mot., at 2 of 9 (cm/ecf page) (Dkt. 21-4); Bazzi Guaranty for Quality

---

[1] The contracts at issue in this diversity action are governed by Michigan law.  See Quality Construction Loan Agreement, Ex. A to Pl. Mot., at 10 of 13 (cm/ecf page) (Dkt. 21-2); Quality Property Loan Agreement, Ex. E to Pl. Mot., at 11 of 24 (cm/ecf page) (Dkt. 21-6).

[2] Notably, Exhibit B attached to Plaintiff's motion for summary judgment, which purportedly contained Quality Construction's October loan modification, actually contains only the March loan modification.  Compare Index of Exhibits (Dkt. 21-1) (indicating Exhibit B is the October loan modification agreement), with Loan Modification Agreement, Ex. B to Pl. Mot., at 2 of 7 (cm/ecf page) (Dkt. 21-3) (loan agreement dated March 29, 2013).  However, Plaintiff's Exhibit B to the operative complaint does contain Quality Construction's October loan modification.

3

Construction Loan, Ex. F to Am. Compl., at 2 of 12 (cm/ecf page) (Dkt. 6-7).[3] See also Bazzi Guaranty for Quality Property Loan, Ex. D to Pl. Mot., at 2 of 12 (cm/ecf page) (Dkt. 21-5) (language same regarding guaranty of Quality Property loan).

The terms of the contracts, as summarized above and as contained in the loan agreements and guaranties, are not ambiguous. There is also no dispute that Defendants have failed to repay the loans in accordance with those terms. Accordingly, Bank of America is entitled to summary judgment against Defendants Quality Construction, Quality Property, and Bazzi, jointly and severally, for the amounts owed under Quality Construction's loan agreement, as amended by the October modification, i.e. $62,010.09. Bank of America is also entitled to summary judgment against Defendants Quality Property and Bazzi, jointly and severally, for the amounts owed under Quality Property's loan agreement, as amended by the October modification, i.e. $123,016.22. Bank of America is also entitled to reasonable attorney fees and collection costs.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's motion for summary judgment (Dkt. 21) is granted. Bank of America shall submit a proposed judgment on or before November 23, 2015.

SO ORDERED.

Dated: November 17, 2015  
Detroit, Michigan

s/ Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

---

[3] In its brief, Bank of America refers to Exhibit D when citing to the broad liability undertaken by Bazzi on behalf of Quality Construction, as guarantor. See Pl. Mot. at 8. However, Exhibit D is actually the guaranty signed by Bazzi with regard to Quality Property's March 2013 loan agreement. See Bazzi Guaranty for Quality Property Loan, Ex. D to Pl. Mot., at 2 of 12 (cm/ecf page) (Dkt. 21-5) (indicating that the borrower is Quality Property Management LLC and the guarantor is Sam Bazzi). Nonetheless, Bazzi's guaranty for the Quality Construction loan is attached to Plaintiff's operative complaint as Exhibit F.

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2015.

s/Karri Sandusky
Case Manager
